**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

MARLAN D. WILLIAMS,         )
                                  )
        Plaintiff,         )
                                  )
        v.              )       02:04cv1612
                                  )
JO ANNE B. BARNHART,       )
Commissioner of Social Security,  )
                                  )
        Defendant.    )

**MEMORANDUM OPINION AND ORDER OF COURT**

November 21, 2005

**I.**        **Introduction**

      Plaintiff, Marlan D. Williams, brought this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c) for judicial review of the final determination of the Commissioner of Social Security ("Commissioner") which denied his application for disability insurance benefits ("DIB") and supplemental security income ("SSI") under titles II and XVI of the Social Security Act ("Act"), 42 U.S.C. §§ 401-433, 1381-1382f.

**II.**        **Background**

        **A.**    **Facts**

      Plaintiff was born on January 13, 1962.  He is a high school graduate and has past work experience as a dishwasher, elderly daycare worker, security guard, candy factory worker, and laborer.  (R. at 36-39, 57-58).  At the administrative hearing, the vocational expert testified that the dishwasher and laborer positions were considered unskilled medium exertional level work, the elderly daycare worker was considered an unskilled light to medium exertional level

work, and the security guard and candy factor worker positions were considered unskilled light exertional work.

Plaintiff alleges disability as of March 7, 2002, due to gout in his right and left knees, left elbow, left ankle, and right ring finger. The record reflects that Plaintiff has not engaged in substantial gainful activity since his alleged onset date.

### B.    Procedural History

_____Plaintiff filed the instant application for DIB/SSI on April 4, 2002, in which he claimed total disability since March 7, 2002.[1]  An administrative hearing was held on October 28, 2003, before Administrative Law Judge James Bukes ("ALJ").  Plaintiff was represented by counsel and testified at the hearing.  Also testifying at the hearing was Frances Kinley, an impartial vocational expert.

On February 9, 2004, the ALJ rendered a decision which was unfavorable to Plaintiff in which he found that Plaintiff's residual functional capacity did not preclude him from performing a significant range of sedentary work, and, therefore, he was not "disabled" within the meaning of the Act.

The ALJ's decision became the final decision of the Commissioner on August 27, 2004, when the Appeals Council denied Plaintiff's request to review the decision of the ALJ.

On October 21, 2004, Plaintiff filed his Complaint in this Court in which he seeks judicial review of the decision of the ALJ.  The parties have filed cross-motions for summary

---

[1]    The record evidence reflects that Plaintiff's current application is his third application for disability benefits.  He previously filed unsuccessful applications for disability benefits in February 1998 and August 2001.

judgment.  Plaintiff argues that the decision of the ALJ is not supported by the factual and

medical evidence of record.  The Commissioner contends that the decision of the ALJ should

be affirmed as it is supported by substantial record evidence.  The Court agrees with the

Commissioner and will therefore grant the motion for summary judgment filed by the

Commissioner and deny the motion for summary judgment filed by Plaintiff.


**III.**     **Legal Analysis**

     A.     <u>Standard of Review</u>

The Act limits judicial review of disability claims to the Commissioner's final

decision.  42 U.S.C. § 405(g).  If the Commissioner's finding is supported by substantial

evidence, it is conclusive and must be affirmed by the Court.  42 U.S.C. § 405(g); *Schaudeck v.*

*Comm'n of Soc. Sec. Admin.,* 181 F.3d 429, 431 (3d Cir. 1999).   The Supreme Court has

defined "substantial evidence" as "such relevant evidence as a reasonable mind might accept as

adequate to support a conclusion."  *Richardson v. Perales*, 402 U.S. 389 (1971); *Hartranft v.*

*Apfel*, 181 F.3d 358, 360 (3d Cir. 1999).  It consists of more than a scintilla of evidence, but

less than a preponderance.  *Stunkard v. Secretary of Health & Human Servs.*, 841 F.2d 57, 59

(3d Cir. 1988).

When resolving the issue of whether an adult claimant is or is not disabled, the

Commissioner utilizes a five-step sequential evaluation.  20 C.F.R. §§ 404.1520 and 416.920

(1995).  This process requires the Commissioner to consider, in sequence, whether a claimant

(1) is working, (2) has a severe impairment, (3) has an impairment that meets or equals the

requirements of a listed impairment, (4) can return to his or her past relevant

work, and (5) if not, whether he or she can perform other work. *See* 42 U.S.C . § 404.1520;

*Burnett v. Commissioner of Social Security*, 220 F.3d 112,  118-19 (3d Cir. 2000) (*quoting*

*Plummer v. Apfel*, 186 F.3d 422, 428 (3d Cir. 1999)).

   To qualify for disability benefits under the Act, a claimant must demonstrate that

there is some "medically determinable basis for an impairment that prevents him or her from

engaging in any substantial gainful activity for a statutory twelve-month period."

*Kangas v. Bowen*, 823 F.2d 775, 777 (3d Cir. 1987);  42 U.S.C. § 423 (d)(1) (1982).

This may be done in two ways:

> (1)  by introducing medical evidence that the claimant is disabled *per se* because he
> or she suffers from one or more of a number of serious impairments delineated in 20
> C.F.R. Regulations No. 4, Subpt. P, Appendix 1.  *See Heckler v. Campbell*, 461 U.S.
> 458 (1983);  *Stunkard*, 841 F.2d at 59;  *Kangas*, 823 F.2d at 777;  or,

> (2)  in the event that claimant suffers from a less severe impairment, by
> demonstrating that he or she is nevertheless unable to engage in "any other kind of
> substantial gainful work which exists in the national economy . . . ."  *Campbell*, 461
> U.S. at 461 (citing 42 U.S.C. § 423 (d)(2)(A)).

   In order to prove disability under the second method, a claimant must first

demonstrate the existence of a medically determinable disability that precludes plaintiff from

returning to his or her former job.  *Stunkard*, 841 F.2d at 59;  *Kangas*, 823 F.2d at 777.  Once it

is shown that claimant is unable to resume his or her previous employment, the burden shifts to

the Commissioner to prove that, given claimant's mental or physical limitations, age, education

and work experience, he or she is able to perform substantial gainful activity in jobs available in

the national economy.  *Stunkard*, 842 F.2d at 59;  *Kangas*, 823 F.2d at 777;  *Doak v. Heckler*,

790 F.2d 26, 28 (3d Cir. 1986);  *Rossi v. Califano*, 602 F.2d 55, 57 (3d Cir. 1979).

4

Where a claimant has multiple impairments which may not individually reach the level of severity necessary to qualify any one impairment for Listed Impairment status, the Commissioner nevertheless must consider all of the impairments in combination to determine whether, collectively, they meet or equal the severity of a Listed Impairment. *Bailey v. Sullivan*, 885 F.2d 52 (3d Cir. 1989) ("in determining an individual's eligibility for benefits, the Secretary shall consider the combined effect of all of the individual's impairments without regard to whether any such impairment, if considered separately, would be of such severity.")

In this case, the ALJ determined that Plaintiff was not disabled within the meaning of the Act at the fifth step of the sequential evaluation process. In making this determination, the ALJ concluded that Plaintiff was capable of performing a significant range of sedentary work.

### B.       Discussion

As set forth in the Act and applicable case law, this Court may not undertake a de novo review of the Commissioner's decision or re-weigh the evidence of record. *Monsour Medical Center v. Heckler*, 806 F.2d 1185, 1190 (3rd Cir. 1986), *cert. denied*, 482 U.S. 905 (1987). The Court must simply review the findings and conclusions of the ALJ to determine whether they are supported by substantial evidence. 42 U.S.C. § 405(g); *Schaudeck v. Comm'n of Soc. Sec. Admin.,* 181 F.3d 429, 431 (3d Cir. 1999).

Plaintiff argues that the determination of the ALJ is not supported by substantial evidence because the  ALJ erred when he (i) accepted the testimony of the vocational expert, (ii) failed to find Plaintiff's complaints of pain and depression credible; and (iii) failed to obtain a consultative psychiatric examination for Plaintiff.

1.      *The Testimony of the Vocational Expert*

The ALJ found, based on the testimony of the vocational expert ("VE") that Plaintiff could perform the following sedentary jobs:  inspector, telephone operator, and surveillance-system monitor.   The ALJ limited Plaintiff to sedentary work in his residual functional capacity assessment.  (R. at 21).  His finding that a person with such a residual functional capacity was not disabled was based, in part, on his examination of the VE.  In response to a hypothetical question which limited Plaintiff to, among other things, sedentary work, the VE stated:

> There would be jobs for such an individual on (sic) my judgment.  Such a person would need a job, but given the option to sitting and standing. Such a person is limited to what's considered entry level where training is provided on-the-job.  In my judgment, such a person would be able to do some work in production as an inspector, checker, and examiner.  The light jobs - - I'm sorry.  The sedentary jobs that exist in the national economy, include about 38,000 positions.  Such a person would be able to do work as a telephone operator.  The event of the headsets and touch tone dialing - - the automated speed dialers, that job would be appropriate in my judgment.  In the sedentary range, there are about 92,000 positions in the national economy.  Such a person would be able to work as a surveillance system monitor.  There are approximately 250,000 jobs in the national economy that are sedentary in nature.  And those are just some examples.

The VE also stated that her testimony and the jobs she cited conformed with the descriptions contained in the Dictionary of Occupational Titles ("DOT"). (R. at 61.)

Plaintiff argues that the testimony of the VE with respect to the "inspector" and "telephone operator" was so vague as to pose a conflict with the Dictionary of Occupational Titles ("DOT").[2]  For example, Plaintiff argues that the DOT lists a number of  "inspector" jobs,

---

[2]      The regulations at 20 C.F.R. §§ 404.1566(d) and 416.966(d) provide that the Social Security Administration will take administrative notice of "reliable job information" available from various publications, including the DOT.  SSR 00-4p.  Specifically,
(continued...)

many of which are classified as light-duty jobs, not sedentary.   Similarly, Plaintiff argues that

the DOT lists a number of "telephone operator" jobs, many of which are classified as semi-

skilled, not entry level jobs.

Significantly, however, Plaintiff does not dispute that the VE's testimony with regard

to the position of surveillance-system monitor is in conformance with the DOT.  In fact, the

DOT describes the surveillance-system monitor position as an unskilled, sedentary job.  DOT §

379.367-010.

The ALJ has the burden of showing that Plaintiff can perform work that exists in

significant numbers in the national economy.  *Boone v. Barnhart*, 353 F.3d 203, 208-09 (3d Cir.

2004).  The VE testified that there were approximately 250,000 sedentary jobs in the national

economy.  (R. at 59-60.)   The Court finds and rules that 250,000 sedentary jobs in the national

economy is a significant number of jobs available.  *See Craigie v. Bowen*, 835 F.2d 56, 58 (3d

Cir. 1987) (concluding that about 200 jobs were a significant number of jobs available.)

Accordingly, assuming without deciding that there is a conflict between the

descriptions contained in the DOT and the testimony of the VE regarding the inspector and

telephone operator jobs, the Court finds and rules that the ALJ did not err because the

---

[2](...continued)
although there may be a reason for classifying the exertional
demands of an occupation (as generally performed) differently than
the DOT (e.g., based on other reliable occupational information), the
regulatory definitions of exertional levels are controlling. For
example, if all available evidence (including VE testimony)
establishes that the exertional demands of an occupation meet the
regulatory definition of "medium" work (20 CFR 404.1567 and
416.967), the adjudicator may not rely on VE testimony that the
occupation is "light" work.

surveillance-system monitor job is a sedentary job, and the VE testified that 250,000 sedentary jobs existed in the national economy.

### 2.    *The Subjective Complaints of Plaintiff*

Plaintiff testified that his pain causes restrictions in standing/walking, lifting/carrying, bending and sitting.  However, Plaintiff also testified that when his gout was not flaring, he was able to take out the trash, cook, grocery shop, and clean the house.  He also admitted that he could lift up to fifteen (15) pounds and walk up to five (5) blocks.

The ALJ found that Plaintiff's complaints were not supported by the medical evidence and were not credible. (R. 17).  Subjective complaints of pain may be probative of a disability.  *Smith v. Calafano*, 637 F.2d 968, 972 (3d Cir. 1981).  However, a claimant's statements as to pain are not by themselves conclusive evidence of a disability.  Rather,

> there must be medical signs and findings, established by medically
> acceptable clinical or laboratory diagnostic techniques, which show the
> existence of a medical impairment that results from anatomical,
> physiological abnormalities which could reasonably be expected to
> produce pain . . . . Objective medical evidence of pain or other clinical or
> laboratory techniques (for example, deteriorating nerve or muscle tissue)
> must be considered in reaching a conclusion as to whether the individual
> is under a disability.

*Chrupcala v. Heckler*, 829 F.2d 1269, 1275 (3d Cir. 1987).  Further, when a claimant's complaints of pain are supported by objective medical evidence, the complaints should be given "great weight" and may not be disregarded unless there exists contrary medical evidence.  *Mock v. Shalala,* 1995 WL 80122, at *2 (E. D. Pa. Feb. 27, 1995).  Moreover, even when an individual's subjective complaints of pain are not supported by medical evidence, they are entitled to serious consideration.  *Ferguson v. Schweiker*, 765 F.2d 31, 37 (3d Cir. 1985).

The ALJ found that Plaintiff's statements were only partially credible.  For example, the ALJ found that while the medical evidence of record reflects that Plaintiff has some limitations, such limitations are not significantly disabling. The ALJ noted that Plaintiff did not use a cane or crutches to ambulate at the time of the hearing, he was not given narcotic medication and/or a TENS unit to relieve the pain, and he did not take gout medication on a regular basis.  In addition, although Plaintiff was advised to avoid alcohol and maintain a certain diet, Plaintiff admitted that he stopped drinking only seven (7) weeks before the administrative hearing[3] and was unclear about which foods he was supposed to avoid.

Credibility determinations by an ALJ need only be supported by substantial evidence on the record as a whole.  *Miller v. Commissioner of Soc. Sec.*, 172 F.3d 303, 304 n.1 (3d Cir. 1999).  The United States Court of Appeals for the Third Circuit has stated:  "[I]n all cases in which pain or other symptoms are alleged, the determination or decision rationale must contain a thorough discussion and analysis of the objective medical and the other evidence, including the individual's complaints of pain or other symptoms and the adjudicator's personal observations. The rationale must include a resolution of any inconsistencies in the evidence as a whole and set forth a logical explanation of the individual's ability to work."  *Schaudeck*, 181 F.3d at 433, *quoting* Social Security Ruling ("SSR") 95-5p.

The Court finds that inconsistencies in Plaintiff's testimony may constitute substantial evidence to support the ALJ's determination that Plaintiff's complaints of pain and

---

[3]     The Court notes that while the ALJ noted that Plaintiff had a history of drug and alcohol abuse, the ALJ found that Plaintiff's substance abuse was not a contributing factor material to the determination of disability.

assertions of total inability to work were not entitled to full credibility.  *See Wilson v. Apfel*, 1999 WL 993723, at *4 (E. D. Pa. Oct. 29, 1999), *aff'd*, 225 F.3d 651 (3d Cir. 2000).

The Court, therefore, concludes that since matters of credibility are within the province of the factfinder, the ALJ could properly determine that Plaintiff's statements and testimony were not entirely credible, and that substantial evidence supported his finding that Plaintiff is not disabled within the meaning of the Act.

    **3.**      *The ALJ Did Not Err in Failing to Obtain A Psychological Examination*

The ALJ found that while Plaintiff suffered from depression, such depression was not a severe impairment because Plaintiff failed to show that it caused significant limitations in his ability to perform basic work activities during the period at issue.  *See Petition of Sullivan,* 904 F.2d 826, 845 (3d Cir. 1990) (the claimant must show functional limitations that would preclude substantial gainful activity, not just the mere diagnosis of an impairment).  The ALJ specifically noted that Plaintiff did not take psychotropic medication and was never referred, or sought, psychiatric or psychological counseling until after the administrative hearing. Moreover, although questioned by the ALJ during the administrative hearing about his depression, Plaintiff never indicated that he had any functional limitations due to a mental impairment.  In addition, the evidence of record indicates that Plaintiff was able to perform a wide range of activities despite his depression.

The ALJ considered the request of Plaintiff to obtain a consultative psychiatric examination, but found such an examination was not necessary.  (R. at 16.)  The ALJ noted that

10

the lack of findings regarding depression in the administrative record and Plaintiff's failure to mention the severity of his depression in his testimony during the administrative hearing.  (*Id.*)

The burden is on Plaintiff to prove that he is disabled and establish a prima facie case of entitlement to benefits.  20 C.F.R. §§ 404.1512(a), (c); 416.912(a), (c).  The Court finds and rules that the ALJ properly considered Plaintiff's request, but as the finder of fact, properly determined that he had sufficient information on the record before him to find that Plaintiff's depression was not a severe impairment.

**4.      *The Subsequent Medical Evidence is Not "New Evidence"*_____**

After the ALJ issued his decision, Plaintiff submitted two medical reports to the Appeals Council:  a January 2004 operative report from UPMC Presbyterian Hospital which indicates that Plaintiff had right total knee arthroplasty and a December 2003 Psychiatric Evaluation Form prepared by Western Psychiatric Institute and Clinic.

The Court notes that its jurisdiction is limited with regard to evidence that was not before the ALJ at the time of his decision:

> To summarize the options open to the district court, when the Appeals Council has denied review the district court may affirm, modify, or reverse the Commissioner's decision, with or without a remand based on the record that was made before the ALJ (Sentence Four review). However, when the claimant seeks to rely on evidence that was not before the ALJ, the district court may remand to the Commissioner but only if the evidence is new and material and if there was good cause why it was not previously presented to the ALJ (Sentence Six review). See Keeton v. DHHS, 21 F.3d 1064, 1067 (11th Cir.1994); Newhouse v. Heckler, 753 F.2d 283, 286 (3d Cir.1985).

*Matthews v. Apfel*, 239 F.3d 589, 594 (3d Cir. 2001).   The standard for considering if the evidence is "new and material" was discussed in greater depth in *Suzbak v. Secretary of Health and Human Services*, 745 F.2d 831, 833 (3d Cir. 1984).  First, the evidence must be "'new' and not merely cumulative of what is already in the record." *Newhouse v. Heckler*, 753 F.2d 283, 287 (3d Cir. 1985) (*citing Suzbak*, 745 F.2d at 833).  Second, it must be relevant and probative. *Id*.  Third, there must be a "reasonable possibility that the new evidence would have changed the outcome of the Secretary's determination . . .  Finally, the claimant must demonstrate good cause for not having incorporated the new evidence into the administrative record."  *Id.*

In the instant case, the Court finds that there is not a reasonable possibility that this "new" evidence would have changed the outcome of the Commissioner's determination.  In fact, the Court finds that the UPMC operative report indicates that Plaintiff's surgery was successful and suggests that Plaintiff's ability to use his right knee would improve.

Further, the report from Western Psychiatric Institute and Clinic would not have changed the Commissioner's ultimate decision because the report is based on Plaintiff's subjective complaints, not objective clinical findings.

Therefore, the Court finds and rules that there is not a reasonable possibility that the new evidence would have changed the outcome of the ALJ's determination.  Accordingly, a remand to the Commissioner to consider this "new" evidence is not appropriate.

**IV.**      **Conclusion**

It is undeniable that Plaintiff has a number of impairments, and this Court is sympathetic and aware of the challenges which Plaintiff faces in seeking gainful employment. Under the applicable standards of review and the current state of the record, however, the Court must defer to the reasonable findings of the ALJ and his conclusion that Plaintiff is not disabled within the meaning of the Social Security Act, and that he remains able to perform a significant range of sedentary work which exists in the national economy.

The Court finds that the ALJ observed the proper legal standards in evaluating the opinions of the doctors who had treated or examined Plaintiff.

For these reasons, the Court will grant the Motion for Summary Judgment filed by the Commissioner and deny the Motion for Summary Judgment filed by Plaintiff.

An appropriate order follows.

McVerry, J.

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

MARLAN D. WILLIAMS,                          )
                                             )
        Plaintiff,                        )
                                             )
      v.                                   )          02:04cv1612
                                             )
JO ANNE B. BARNHART,                         )
Commissioner of Social Security,             )
                                             )
        Defendant.                        )

## ORDER OF COURT

**AND NOW**, this 21st day of November, 2005, in accordance with the foregoing Memorandum Opinion, it is hereby **ORDERED**, **ADJUDGED, AND DECREED** that:

1.    The Motion for Summary Judgment filed by Defendant, Jo Anne B. Barnhart, Commissioner of Social Security (*Document No. 5*) is **GRANTED**;

2.    The Motion for Summary Judgment filed by Plaintiff, Marlan D. Williams, (*Document No. 7*) is **DENIED**; and

3.    The clerk shall mark this case closed.

BY THE COURT:

/s/ Terrence F. McVerry
United States District  Court Judge

cc:     Michael J. Healey, Esquire
        Email: mike@unionlawyers.net

        Paul Kovac,
        Assistant U.S. Attorney
        Email: paul.kovac@usdoj.gov